# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JIMMY DURANT**
        **Petitioner,**

    v.                                    **Case No. 10-C-0045**
                                          **(Criminal Case No. 07-CR-123)**

**UNITED STATES OF AMERICA,**
        **Respondent.**

## RULE 4 ORDER

Petitioner Jimmy Durant pleaded guilty to conspiracy to distribute 5 kilograms or more of cocaine, and I sentenced him to 78 months in prison. He took no appeal but has now filed a motion to vacate his sentence under 28 U.S.C. § 2255. Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, I must conduct a preliminary review of the motion:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion or other response . . . .

Section 2255 provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

In his motion, petitioner claims that his lawyer provided ineffective assistance of counsel in various respects. Such a claim may be raised for the first time under § 2255. Massaro v. United States, 538 U.S. 500, 504 (2003). In order to establish ineffective assistance, petitioner

must show that his lawyer performed deficiently and that the deficiency prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 688 (1984). To meet his burden on the performance prong, petitioner must establish specific acts or omissions of his counsel that constitute ineffective assistance, and the court must then determine whether those acts or omissions fall outside the wide range of professionally competent assistance. However, if, as is often the case, it is easier for the court to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course may be followed. Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003).

Petitioner first claims that his lawyer failed to file at least six motions petitioner felt were relevant to the case. In order to establish prejudice based on the failure to file a motion, a defendant must show that the motion was probably a winner. See United States v. Cieslowski, 410 F.3d 353, 360 (7th Cir. 2005); Owens v. United States, 387 F.3d 607, 608-10 (7th Cir. 2004). Here, petitioner does not even identify the motions he wanted filed, much less show that they were meritorious.

Petitioner next claims that counsel used racial slurs against petitioner and a member of his family, and ridiculed them when petitioner asked counsel to obtain a police escort to the funeral of a sibling. If true, this conduct would be unprofessional, but petitioner fails to explain how it impacted the result of his case. Petitioner also alleges that counsel belittled him and seemed to be on the government's side when he constantly threatened petitioner with a large number of years if he did not sign a plea agreement. Petitioner alleges that counsel told him that he would not go into the courtroom and battle for him like he would for others, stating "you people are not worth the time that you cause us" and "you people are all stupid." (Motion at 3.) Counsel allegedly told petitioner that he had not read up on petitioner's case because the

2

government was only giving him one deal, which he had to accept or go to trial where he was guaranteed to lose. These are serious charges, but when afforded a chance during the plea colloquy to tell me whether anyone had forced or threatened him, petitioner said "no." (Plea Hr'g Tr. at 5.) Likewise, when I asked about his relationship with counsel during the plea colloquy, petitioner said nothing about slurs. (Id. at 3.) He also professed to be entering the plea voluntarily. (Id. at 5.) A motion that can succeed only if the defendant lied to the judge during the plea colloquy "may be rejected out of hand unless the defendant has a compelling explanation for the contradiction." See United States v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005). Petitioner offers no such explanation here.

Petitioner next states that there "are also some other crucial questions concerning the petitioner, the attorney and the PSI Report!" (Motion at 3.) However, he does not specify what those other issues are, and the district court may dismiss a § 2255 motion containing conclusory or speculative allegations rather than specific factual allegations. See, e.g., Gallo-Vasquez v. United States, 402 F.3d 793, 797 (7th Cir. 2005).

Petitioner next alleges that the court abused its discretion in not granting his request to dismiss his lawyer. (Case No. 07-CR-123, R. 317.) However, the record shows that petitioner and counsel resolved their differences, prompting the magistrate judge to deny the request at issue. (Case No. 07-CR-123, R. 339.) In any event, petitioner can, at this point, obtain relief based on the allegedly erroneous denial of his motion to substitute counsel only if he shows that his attorney's performance was deficient and that he suffered prejudice as a result. See Bae v. Peters, 950 F.2d 469, 477 (7th Cir. 1991); see also United States v. Durman, 30 F.3d 803, 813 (7th Cir. 1994). He does not make such a showing.

Finally, petitioner argues that his guilty plea was not knowing, voluntary and intelligent,

3

and was obtained in violation of due process. However, he provides no factual support or legal argument in support of the claim. As noted, the district court may deny a § 2255 motion without a hearing where the petitioner makes vague or conclusory allegations. See, e.g., Bruce v. United States, 256 F.3d 592, 597 (7th Cir. 2001).

Petitioner does contend that the government breached a promise to file a sentence reduction motion under Fed. R. Crim. P. 35. A claim that the government illegally refused to file a Rule 35 motion can be raised under § 2255, see United States v. Richardson, 558 F.3d 680, 681-82 (7th Cir. 2009), but petitioner has no viable claim here.

First, petitioner makes no showing that the government promised him such a motion in exchange for his plea. See United States v. Lezine, 166 F.3d 895, 901 (7th Cir. 1999). The plea agreement contains a paragraph on cooperation, but it contains no enforceable promise to file a Rule 35 motion. Instead, it indicates that the government may, in its discretion, seek a downward departure if defendant provides substantial assistance.[1] (Case No. 07-CR-123, R. 428 at 10 ¶ 27.) The cooperation paragraph does not mention a Rule 35 motion, and the agreement later verifies that the government is not required to take any particular position in any post-conviction motion. (Case No. 07-CR-123, R. 428 at 12 ¶ 33.) Nor does the transcript of the plea colloquy reveal any promise to file a Rule 35 motion or that any "secret agreement" was made between the parties, as petitioner alleges. (Motion at 5.) Rather, petitioner confirmed during the colloquy that the government had not promised him anything other than what was set forth in the plea agreement. (Plea Hr'g Tr. at 4.) He need not be afforded a chance to claim otherwise in a hearing under § 2255. See United States v. Stewart, 198 F.3d

---

[1]The government in fact made a motion under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) at the time of sentencing, which I granted.

4

984, 987-88 (7th Cir. 1999).

Second, petitioner does not even allege that the government refused to file a Rule 35 motion based on some unconstitutional motive. See Wade v. United States, 504 U.S. 181, 185-86 (1992). He states only that he provided assistance, placing himself at risk, yet no motion was filed; that does not suffice. See id. at 186 (stating that "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing").

**THEREFORE, IT IS ORDERED** that petitioner's motion is **DENIED**, and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2255 petitioner. In order to obtain a COA, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons stated above, petitioner has not made such a showing, so I decline to issue a COA.

Dated at Milwaukee, Wisconsin, this 15th day of March, 2010.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

5